## ANTON BINKERT
### v.
## F. G. JANSEN ET AL.

APPEAL IN REVENUE CASES.—In this case the court deeming the questions involved of sufficient importance, affirm the judgment below and certify the case to the Supreme Court. A doubt is expressed whether, under the law of 1879, this court can take cognizance of appeals in cases relating to the revenue.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 7, 1880.

Messrs. WHEAT & MARCY, for appellant; that all legislative acts affecting the revenue powers of a municipal corporation are public, whether so declared or not, cited Browning v. Springfield, 17 Ill. 147; 1 Dillon on Mun. Corp. § 50.

As to construction of statutes: Decker v. Hughes, 68 Ill. 33; Way v. Way, 64 Ill. 406; Stuart v. Hamilton, 66 Ill. 253.

Meaning of the word "assess": 1 Burrill Law Dic. 140; Constitution 1848, Art. IX, § 5; 1870, Art. IX, §§ 8, 9; Rev. Stat. 1874, 254; People v. Cooper, 83 Ill. 592.

Upon the power of cities to levy a tax: Rev. Stat. 1874, 231; People v. Otis, 74 Ill. 384; People v. Cooper, 83 Ill. 585; Edwords v. The People, 88 Ill. 340; Spring v. Olney, 78 Ill. 101; U. S. v. New Orleans, 11 Chicago Legal News, 351.

The tax for interest or sinking fund may be legal, and on demurrer will be so considered: Taylor v. Thompson, 42 Ill. 9; Munson v. Miller, 66 Ill. 380; Van Hoffman v. Quincy, 4 Wall. 535.

Novation by funding into new bonds is not satisfaction: Van Hoffman v. Quincy, 4 Wall. 535; Flower v. Elwood, 66 Ill. 438.

Messrs. MARSH & McFADON, for appellees; that the city tax

act is unconstitutional, cited People v. Cooper, 83 Ill. 595; Edwards v. The People, 88 Ill. 340; People v. Otis, 74 Ill. 384.

Upon the rule for construction of statutes: Sedgwick on Statutory Law, 231; Cooley on Taxation, 198; Freye v. C. B. & Q. Q. R. R. Co. 73 Ill. 399; 2 Dillon on Mun. Corp. § 605; 11 Wall. 656; U. S. v. Tyur, 11 Wall. 92; Chicago v. Quimby, 38 Ill. 274.

As to the power of cities to levy taxes: 1 Dillon on Mun. Corp. § 55; Chestnutwood v. Hood, 68 Ill. 132; Edwards v. The People, 88 Ill. 340.

Return of delinquent taxes must be made to some general officer of the county: Edwards v. The People, 88 Ill. 340; Hill v. Chicago, 60 Ill. 86.

Against the power of the city to tax to pay interest on a debt: U. S. v. Macon county, 11 Chicago Legal News, 263; Jeffries v. Lawrence, 42 Iowa, 505; Beard v. Supervisors Lee Co. 51 Miss. 542.

PER CURIAM.   This was a bill by appellees to enjoin appellant, who was county collector of Adams county, from collecting certain taxes levied by the city of Quincy without authority of law as charged in the bill.

On the 30th day of June, 1879, a demurrer was overruled to the bill and a final decree rendered by the court, making the injunction perpetual and requiring appellant to pay costs.

From this decree an appeal was prayed by appellant to this court and allowed, and a bond entered into and approved on the 25th day of August, 1879.

After a careful inspection of the record, we are of opinion that the decree of the court below should be affirmed.

We are also of opinion that this cause involves questions of law of such importance, both on account of principal and collateral interests, as that it should be passed upon by the Supreme Court, and will therefore grant an appeal or writ of error to that court if desired to do so by appellant, according to the 8th sec. of the act to establish appellate courts, in force July 1, 1877, p. 71.

We are by no means clear that this court has jurisdiction in the case.

The act of 1879, Sec. 2, p. 222, session laws of 1879, provides that all appeals in cases relating to revenue shall be taken directly to the Supreme Court. This act went into force July 1, 1879, and the appeal was not perfected in this case until the 25th day of August following:

See Shepler v. The People, opinion filed at Ottawa Sept., 1879. Vol. 1 Synoptical Reporter, p. 213.

Decree affirmed.